(December 15, 1992)

■ In the Matter of L. VAN STILLMAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this Court on December 22, 1980.

By decision and order of the Florida Supreme Court dated October 1, 1992, respondent was suspended from the practice of law in Florida for a period of one year, effective November 2, 1992.

Petitioner, the Committee on Professional Standards, moves to impose reciprocal discipline upon respondent pursuant to section 806.19 of this Court's rules (22 NYCRR 806.19).

It appears from the Florida Supreme Court decision that respondent, while acting as counsel to a mortgage company in at least five real estate transactions financed by the company, misrepresented financial information to the company and approved financial arrangements contrary to company instructions to him. The Florida Supreme Court found that respondent violated ethical rules prohibiting acts contrary to honesty, acts contrary to the rules of professional conduct, and acts of deceit or misrepresentation.

In determining an appropriate disciplinary sanction, the Florida Supreme Court noted that respondent had enjoyed an unblemished disciplinary record, that his motive involved neither personal gain nor greed, and that the misconduct was unlikely to be repeated. However, the court imposed a harsher penalty then initially recommended by a hearing Referee because, as stated by the court, "we believe that the overall pattern of misconduct here is so severe, involving so many separate acts of fraudulent conduct" and "the amount of

money put at risk by [respondent's] conduct together with the likelihood he violated federal and state laws warrants a severe penalty."

In view of respondent's suspension in Florida and upon review of the record of the disciplinary proceeding in that State, we conclude that petitioner's motion should be granted. It is further determined that the ends of justice will be served by imposing upon respondent the same discipline in this State as was imposed in the State of Florida. We therefore conclude that respondent should be suspended from the practice of law for a period of one year, effective *nunc pro tunc* as of November 2, 1992. *(See, Matter of Weiss,* 164 AD2d 959.)

Yesawich Jr., J. P., Levine, Mercure, Crew III and Mahoney, JJ., concur. Ordered that L. Van Stillman be and hereby is suspended from practice as an attorney and counselor at law in the State of New York for a period of one year and until further order of this Court; the period of suspension is to correspond with the period of suspension imposed by the Supreme Court of Florida; and it is further Ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, Board, Commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further Ordered, that respondent shall comply with the provisions of section 806.9 of the rules of this Court [22 NYCRR 806.9] regulating the conduct of disbarred, suspended or resigned attorneys; and it is further ordered that L. Van Stillman may apply for reinstatement upon furnishing satisfactory proof that he has been reinstated as a member of the State Bar of Florida and has otherwise complied with the provisions of section 806.12 of the rules of this Court.