(November 13, 1995)

■ In the Matter of DAVID A. JONES, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [633 NYS2d 664] —Per Curiam. Respondent was admitted to practice by this Court in 1972. He was later admitted to practice in Pennsylvania in 1982. He currently resides in New Hampshire.

By order of the Pennsylvania Supreme Court dated June 18, 1993, respondent was temporarily suspended from the practice of law. In an unrelated matter, by later order dated January 13, 1995, respondent was suspended from the practice of law in Pennsylvania for one year and one day.

Petitioner, the Committee on Professional Standards, moves to reciprocally discipline respondent pursuant to section 806.19 (22 NYCRR 806.19) of this Court's Rules based upon his 1995 suspension in Pennsylvania. Petitioner also moves for an order

directing respondent to register and pay the attorney registration fee in compliance with Judiciary Law § 468-a. Respondent opposes the motion.

The alleged misconduct leading to respondent's suspension for one year and one day is set forth in the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania, attached as an exhibit to the affidavit in support of petitioner's motion. The Board found respondent guilty of violating disciplinary rules prohibiting conduct involving dishonesty, fraud, deceit or misrepresentation, and prohibiting conduct that adversely reflects on an attorney's fitness to practice law. It appears that the Pennsylvania disciplinary proceeding was based upon respondent's May 1991 one-year suspension of his privilege of practice before the Social Security Administration (hereinafter the SSA). The SSA suspension was based on a finding, after an administrative hearing, that respondent had violated a Federal rule which prohibits an attorney from making any false statement, representation, or claim about any material fact affecting the rights of any person under Title II of the Social Security Act. The violation involved a discrepancy between two forms (a fee waiver form and a fee petition) which respondent executed and/or filed with the SSA as part of his representation of a client before the SSA.

Respondent appears to claim total disability from practice and vigorously contends that he was not accorded due process in the Pennsylvania disciplinary proceedings, that the imposition of discipline in Pennsylvania was not supported by the evidence, that he is not guilty of misconduct, and that the imposition of discipline in New York would be unjust. These defenses to reciprocal discipline, referenced in section 806.19 (c) of this Court's Rules, are not sustainable on the record before us.

In view of respondent's suspension in Pennsylvania and upon our review of the instant record, we conclude that petitioner's motion should be granted. We further determine that the ends of justice will be served by imposing upon respondent the same discipline in this State as was imposed in Pennsylvania, a suspension of one year and one day *nunc pro tunc* to the effective date of the Pennsylvania suspension, January 13, 1995, and until further order of this Court (*see, e.g., Matter of Van Stillman*, 188 AD2d 832). We also direct respondent to comply with New York's attorney registration requirements.

Mikoll, J. P., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that petitioner's motion to impose reciprocal discipline be and hereby is granted; and it is further ordered that respondent be and hereby is suspended from the practice

of law for a period of one year and one day, *nunc pro tunc* to January 13, 1995, and until further order of this Court; and it is further ordered that respondent be and hereby is directed to comply with the attorney registration requirements set forth in Judiciary Law § 468-a and part 118 of the Rules of the Chief Administrator of the Courts (22 NYCRR part 118); and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the Rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.