(January 8, 2002)

■ In the Matter of JAY J. SZUBA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [735 NYS2d 653] —Per Curiam. Respondent was admitted to practice by this Court in 1989. He maintained an office for the practice of law in Louisiana, where he was admitted in 1983.

By decision and order dated October 5, 2001, the Supreme Court of Louisiana found that respondent knowingly and negligently neglected three clients' legal matters, failed to communicate with those clients, failed to return their property, and failed to provide an accounting to one client. For such professional misconduct, the Supreme Court suspended respondent from practice for a period of two years, followed by a one-year period of supervised probation.

Petitioner moves for an order imposing reciprocal discipline upon respondent (*see*, 22 NYCRR 806.19). Respondent has not replied to the motion.

We grant petitioner's motion and further determine that respondent should be reciprocally disciplined for a period of two years. Upon any application for reinstatement, respondent must make the showing required by this Court's rules (*see*, 22 NYCRR 806.12 [b]) and submit proof of reinstatement in Louisiana (*see, e.g., Matter of Van Stillman*, 188 AD2d 832).

Cardona, P. J., Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden from appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, and from giving to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that, upon any application for reinstatement, respondent shall make the showing required by this Court's rules (*see*, 22 NYCRR 806.12 [b]) and shall submit proof of reinstatement in Louisiana; and it is further ordered that respondent shall comply with the provisions of this Court's rules (*see*, 22 NYCRR 806.9) regulating the conduct of suspended attorneys.